DITTO et al. *v.* THE STATE, 30 Miss. Rep., 126.

### FORFEITURE OF RECOGNIZANCE.

It is immaterial to the question of liability of the accused, arising from his failure to appear in court, according to the tenor of his recognizance, that the issue upon the indictment is still pending. He is bound to appear according to the recognizance, in order to be regularly put on trial for the offense for which he was indicted.

A variance between the *scire facias* and the judgment *nisi* is a fatal defect, sufficient to quash the *scire facias*. So, also, is a variance between the recognizance and *scire facias*, a good defense to the *scire facias*. But the defendant will not be entitled to it unless he sets it up by plea to the *scire facias*.

If the defendant suffers judgment by default, on the *scire facias*, he cannot on writ of error to that judgment bring to notice anything contained in the recognizance.

Error to Carroll circuit court.   Harris, J.

*James P. Scales,* for plaintiff in error.

1. The court had no right to render a judgment by default, while there was a plea filed in the action to which no objection was taken.   Vide 3 S. & M., 120.

2. The record shows that judgment *nisi* was rendered for $100, and judgment final for $150.   The judgment is therefore inconsistent with itself, and of course, erroneous.

3. The *scire facias* recites a judgment *nisi* to have been entered upon a recognizance, conditioned for the appearance of Ditto, on the first Monday of December, 1854; when, in truth, as appears by the record, the condition was, that he should appear on the first Monday of June, 1854.   This variance must be fatal, because the *scire facias* gave to defendant no notice of the *real* recognizance being forfeited, which it was bound to do, that they might have opportunity to answer, and show cause why it should not be final.

*D. C. Glenn,* attorney general.

Handy, J.:

This is a writ of error to a judgment rendered in the Carroll circuit court, against the plaintiffs in error, as principal and bail in a recognizance entered into, upon a charge of gaming, and which was forfeited.

The errors assigned are:

1. That the judgment upon the *scire facias,* issued after the forfeiture was rendered by default, when there was a plea filed to the indictment, and was not disposed of.

2. That the judgment *nisi* was for the sum of one hundred dollars, and the final judgment on *scire facias,* was for one hundred and fifty dollars.

3. That the *scire facias* recites a judgment *nisi,* rendered upon a recognizance, conditioned for the appearance of Ditto on the first Monday of December, 1854, when the record shows that the condition was to appear on the first Monday of June, 1854.

The first ground of error is untenable. It was immaterial to the question of the liability of the accused, arising from his failure to appear in court, according to the tenor of his recognizance, that the issue upon the indictment was still pending. He was bound to appear according to his recognizance, in order to be regularly put on trial for the offense for which he was indicted.

The second cause of error is well assigned. The variance between the sum of money for which the forfeiture was taken, and the sum stated in the *scire facias* issued to enforce that judgment, is material; and this objection is not obviated by the fact, that the sum of money for which the judgment *nisi* was taken was erroneous, and not conformable to the recognizance; and that the judgment final was for the sum stated in the recognizance. If the *scire facias* had been in conformity to the judgment *nisi*, and had properly described the recognizance, and had been in other respects regular, it would not be competent for the cognizors to complain that the judgment *nisi* varied in amount from the recognizance, because the error would not be to their injury. But where the *scire facias* is not supported in a material respect by the judgment *nisi*, a judgment final, inconsistent with the judgment *nisi*, is erroneous, and if to a party's prejudice, must be reversed.

Of a like character is the third ground of error. The variance between the recognizance and the *scire facias*, as to the term of the court at which the defendant was bound to make his appearance, is material, and constitutes a good defense to the *scire facias*. But the defendant will not be entitled to the benefit of it, unless he sets it up by plea to the *scire facias;* because, after the judgment *nisi*, and when the *scire facias* has been issued to enforce that judgment, the recognizance is not properly a part of the record of that proceeding, and must be brought before the court by plea of *nul tiel record*, or other appropriate plea. If the defendant suffers judgment by default on the *scire facias*, he cannot, on writ of error to that judgment, bring to notice any thing contained in the recognizance. And such is the attitude of the plaintiff in error in this case.

For the second ground of error, the judgment on the *scire facias* is reversed, and the case remanded for further proceedings.