### W. H. TUCKER v. E. D. STREETMAN.

1. In matters of contract the parties are presumed to have acted legally in making it until the contrary is shown.
2. The law presumes that the note expressed the intention of the parties, and the presumption will not be removed by proof of condition of the country in 1863, at its date, and the currency in general use.

APPEAL from Milam. Tried below before the Hon. J. M. Onins.

Suit on a promissory note executed by the appellant, W. H. Tucker, for $450.

The defense was that the note was executed upon the basis of Confederate money, and that by the express agreement of the parties it was to be discharged in such Confederate States bills.

The testimony was conflicting.

The court instructed the jury as follows:

"In the absence of proof of an express contract for Confederate money, the law presumes that the written instrument expresses the meaning of the parties, and that they meant dollars in par funds; and if you should believe from the testimony there was no express contract to receive Confederate money for the note, you will find for the plaintiff the amount of the note, and also whether the note is a lien upon the property described.

"The jury cannot imply a contract from surrounding circumstances. The proof must show an express contract made on the basis of Confederate money; and if there was not such express contract the plaintiff must recover. You are the exclusive judges of the weight of testimony and of the credibility of the witnesses, and you will determine the facts of the case accordingly as you may believe the truth has been stated by the one witness or the other.

"The relative number of witnesses testifying to facts when they conflict does not afford a certain rule for the determination of the truth. The testimony of one witness whom the jury believe should overweigh the testimony of two or more witnesses whom they doubt; but when all the witnesses are in the opinion of the jury equally credible, and testify uninfluenced by their interest, the weight of the testimony should be given to the greater number. The sole test, where there is a conflict in the testimony, is the credibility of the witnesses; and, in determining their credibility, the jury may consider the witnesses themselves, their interest in the result of the suit, and the man-

ner in which they testify, as well as to the fact that they have been contradicted or corroborated as to other facts by other witnesses."

*Sayles & Bassetts* and *C. R. Smith*, for appellant.

*W. H. Hamman*, for appellee.

OGDEN, J.—In the criminal law a party is presumed to be innocent until his guilt is established by proof. So, also, in the civil relations of life, and especially in matters of contract, a party is presumed to have acted legally until the contrary is proven. And when a party executed a note payable in dollars, the presumption is that he intended that note to be discharged only in lawful money; and no surrounding circumstances not connected with the contract evidenced by the note (such as the condition of the country, or the character of the currency then in general circulation), will rebut that presumption. The note sued on in this case was executed in 1863, and by its terms payable in dollars, and the defense set up to this acton is, that by agreement between the parties, the note was payable in Confederate money, and that therefore the consideration was illegal and the contract void.

The charge of the court, though possibly subject to criticism in its phraseology, yet in our opinion, as a whole, presented the law which should govern the facts of the case. The charge instructed the jury, in effect, that if there was an express contract that the note was to be paid in Confederate money, the contract is void ; but, in the absence of proof of an express contract for Confederate money, the law presumes that the written instrument expresses the meaning of the parties ; that the jury cannot imply an illegal contract from surrounding circumstances; and that the plaintiff must recover unless the proof shows that there was an express contract on the

basis of Confederate money. We think this the law of the particular questions then under consideration, about which the jury could hardly be mistaken.

The charge of the court in regard to conflicting and contradictory testimony is in the main correct. It says: "The sole test, where there is a conflict in the testimony, is the credibility of the witnesses; and in determining their credibility the jury may consider the witnesses themselves, their interest in the result of the suit and the manner in which they testify, as well as the fact that they have been contradicted or corroborated as to other facts by other witnesses." Though not as full as it might have been, yet we see no such error in the charge as would vitiate the verdict of the jury. Certainly if a witness is contradicted or corroborated in any material portion of his testimony by another witness, that fact may and should be considered by the jury in determining his credibility. And this is the only instruction which can be drawn from the latter portion of the charge given. We think the legal question arising in this case very fairly presented to the jury. The testimony was conflicting and contradictory, and it was the peculiar province of the jury to determine the credit to be given to the statements of such witnesses, and to sift the truth from error. There was evidence, if true, sufficient to warrant the verdict, and we are disinclined to disturb their finding. The judgment is therefore affirmed.

AFFIRMED.