## J. T. N. Walton and Adaline Walton

v.

## The People of the State of Illinois.

*Criminal Law*—Scire Facias—*Forfeited Recognizance—Surrender—Statute—Evidence.*

1. In a proceeding by *scire facias* on a forfeited recognizance, evidence to show that, before the forfeiture, the principal had surrendered himself to the sheriff, is admissible.

2. Where the surrender is voluntary and by the principal, a certified copy of the recognizance is unnecessary, particularly where the sheriff, acting upon his own acquaintance with the party and his own knowledge of the circumstances, accepts the surrender.

[Opinion filed May 25, 1888.]

In error to the Circuit Court of Coles County, the Hon. C. B. Smith, Judge, presiding.

Mr. CHARLES BENNETT, for plaintiff in error.

Mr. S. M. LEITCH, for defendant in error.

WALL, J.   This was a proceeding by *scire facias* on a for-
feited recognizance.   There was judgment for the people.
Various errors are assigned, but the only point we deem it
necessary to consider arises upon the refusal of the court to
admit certain evidence offered by the appellant.   That offer
was to prove that before the forfeiture of the recognizance
the principal had surrendered himself to the sheriff of the
proper county, and that the fact was made known to the
sureties.   The offer was rejected, and the ruling of the court
is now defended upon the ground that a surrender can not be
made efficient until the sheriff shall be furnished with a certi-
fied copy of the recognizance, and that to discharge the sureties
the sheriff must in writing acknowledge the surrender.

The provisions of the statute relating to the subject will be
found in Div. 3, Chap. 38, R. S., as follows:

"Section 11.   In all cases of bail for the appearance of any
person charged with a criminal offense his sureties, or any of
them, may at any time before default upon the bond or recog-
nizance surrender the principal in their exoneration, or the
principal may surrender himself to the proper officer.

"Section 12.   For the purpose of surrendering the prin-
cipal, the sureties, or any of them, may arrest the principal at
any place, or may authorize any other person to make the
arrest.

"Section 13.   These sureties, or any of them, may require
the sheriff, coroner or any constable of the county where the
principal may be found, to make the arrest within his county,
by producing a certified copy of the recognizance, and in person
or by agent accompanying the officer to receive the person
arrested, and upon tender to such officer of like fees as are
allowed for executing *capias* in criminal cases.

"Section 14.   The surrender shall be made to the sheriff of
the county where the principal is required to appear, or to the
warden of the penitentiary, when so required.

Walton v. The People.

" Section 15. On such surrender, and the delivery to him of a certified copy of the recognizance, the sheriff or warden shall take such person into custody, and, by writing, acknowledge such surrender, and thereupon the sureties shall be discharged from such recognizance, upon payment of all costs occasioned by any pro eedings upon the recognizance."

It is not disputed that the sheriff was the "proper officer " to whom the surrender should be made, but it is contended that whether the surrender is voluntary, by the principal, or involuntary, and at the instance of the sureties, the mode prescribed by Secs. 13 and 15 must be followed. We are inclined to hold that when the surrender is voluntary, by the principal, there is no necessity for the certified copy of the recognizance. True, the sheriff may not know the person offering to surrender himself, or he may not know that such person has ever entered into the recognizance and may therefore decline to accept the custody so offered until the necessary facts are known; but we have no doubt that a surrender would be perfectly good in such a case if the sheriff, acting upon his own acquaintance with the party and his own knowledge of the circumstances, should accept the surrender and take the person into his custody.

To hold otherwise would be to deprive sureties of a valuable right in cases where the principal is willing to surrender himself, but by reason of absence or other causes the sureties are not able, at the time, to furnish the certified copy or to receive the written acknowledgment of the officer.

Section 11 contains no limitation or conditions. It declares merely that sureties may surrender the principal, or he may surrender himself.

The subsequent sections, 12, 13 and 15, are applicable where the sureties are moving for their own protection, and presumably against the will of the principal, in which case the officer should be secured against mistake by some proper and fit means; but they are not appropriate in the other case where the principal proposes to surrender himself. The judgment will be reversed and the cause remanded.

*Reversed and remanded.*