# Mayor and Aldermen of Birmingham *v.* Wagenseler.

*Bill to Enforce Lien for Street Improvements and to Enjoin Suit at Law.*

(Decided July 6, 1910. 53 South. 289.)

1. *Municipal Corporations; Street Improvements; Assessment; Objection.*—Where the owner of property in a city filed with the city authorities a claim for damages by reason of the grading and improvement of a street on which her property abutted, and upon her claim being disallowed, sued the city for such damages before an assessment for benefits was made by the city, the city could claim no advantage by reason of the fact that the property owner did not appear before the board of mayor and aldermen to protest when notified in accordance with the charter and ordinances that the assessment was about to be made.

2. *Same; Damages.*—Under the charter of the city of Birmingham, the city could assess no part of the costs of improvements against property abutting on the street which had been damaged by the street improvements or diminished in value by rendering the property more inaccessible, since under the charter property is subject to assessment only for the amount of benefit derived.

3. *Equity; Bill; Cross Bill; Dismissal of.*—Where no relief could be had under the bill filed and the demand set up by the cross bill was purely legal, it was proper for the court on dismissing the original bill to dismiss the cross bill also, and leave the cross complainant to her remedy at law.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by the mayor and aldermen of Birmingham against Mary E. Wagenseler to enforce a lien for street improvements. There was a cross bill by respondents seeking to recover damages alleged to have been done to the property by such improvements. From a decree dismissing both the original and the cross bills, complainants appeal. Affirmed.

R. H. THACH, for appellant. Appellant's contention is that appellee owned her lot in the city of Birmingham subject to the right of the city of Birmingham to grade and macadamize its streets, that she is not entitled to recover consequential damages caused by making such improvements.—*Town of Avondale v. McFarland*, 13 So. 504; *City Council v. Townsend*, 84 Ala. 478; *City Council v. Maddox*, 89 Ala. 181; Elliott on Roads & Streets, Sec. 261-2, and 490; Abbott on Mun. Corp., Sec. 1915.

ALLEN & BELL, for appellee. The city of Birmingham was without authority under its charter to collect for street improvements except for the benefits which accrued, and where the property was damaged by the improvement of the street, the city was not entitled to any compensation, and hence, cannot enforce a lien for the same.—*Bloomington v. Latham*, 18 L. R. A. 487; *City of Montgomery v. Foster*, 133 Ala. 587; Hamilton on Assessments, Sec. 482; *Atkins v. Boston*, 188 Mass. 77; *Highland Ave. v. Mathews*, 99 Ala. 24; *Com. Ct. v. Street*, 116 Ala. 218. The court properly dismissed the bill and cross bill in order to allow respondent to proceed in the law court.—*Ex parte James*, 133 Ala. 212.

EVANS, J.—The respondent, Mary E. Wagenseler, is the owner of the west 100 feet of the east 200 feet and

the east 50 feet of the west 200 feet of the north 200 feet of block 745 in the city of Birmingham, Ala.

On the 3d day of August, 1904, an ordinance was regularly passed by the mayor and aldermen of Birmingham, providing for street grading, curbing, and sidewalks and gutter paving on Avenue 1, from Twenty-Second to Twenty-Third street. The said lots of respondent abutted on part of Avenue 1. The contract for the construction of this work was regularly let to one C. M. Burkhalter on May 16, 1906, said contract being drawn under the provisions of said ordinance and in strict conformity therewith, and said work was done by said Burkhalter in strict conformity with said contract, and was finished before the 3d day of April, 1907. All ordinances and resolutions were passed by said mayor and aldermen of Birmingham necessary and proper according to the charter of said city for the doing of said work and the assessment of charges against the owners of property abutting on said avenue for the improvements so made.

Within 12 months after the grading of the street in front of the property in question, the respondent, Mrs. Mary Wagenseler, presented to the board of mayor and aldermen of Birmingham a claim for damages by reason of said grading, amounting to $4,000, which was declined by said board, and on the 25th day of March, 1907, after said claim had been disallowed, she brought her suit in the city court of Birmingham against the complainant for the amount of said claim. Said complainant on the 3d day of April, 1907, assessed against the said lots of respondent the sums of $477.42 and $245.31, respectively, for the improvements alleged to have been made, and the said respondents failing and refusing to pay said assessment, having brought suit against complainant in said city court claiming damages to said

lots and the improvements thereon by reason of the grading of said street and sidewalk abutting her said lots, the complainant filed the bill in this case to foreclose its lien upon said lots, and sell the same to satisfy said assessments, and asked that respondent be enjoined from prosecuting said suit in the city court, and be required to come in and propound her claim in this proceeding. A temporary injunction was granted and respondent filed her answer, which she made a cross-bill and propounded her claim for damages. Upon the submission of the cause upon the pleadings and proof, the chancellor rendered a decree holding that the complainant was not entitled to relief upon the bill of complaint, and that the cross-complainant was not entitled to relief upon the cross-bill. The decree dissolved the injunction, dismissed the bill and the cross-bill. From the decree the complainant appealed, and assigns as error the decree of the trial court (1) in dismissing appellant's bill and dissolving said injunction; (2) in dismissing appellant's bill of complaint; (3) in dissolving the injunction in this cause.

The question upon which all of these matters depend is, was the assessment against the lots of respondent a valid assessment for any amount? If it was, then complainant had a lien upon said lots for the amount due, and the ruling of the chancellor was erroneous. But, if the assessment was not valid for any amount, then there could not be any lien upon said lots, and said bill could have no standing in the court, and the chancellor properly dismissed said bill. Furthermore, if said bill was properly dismissed, the claim set up in said cross-bill being purely a legal claim, and respondent having an adequate remedy at law in the suit already filed in the city court of Birmingham, which had been temporarily enjoined, the injunction was properly

dissolved and the cross-bill dismissed in order that she might pursue her remedy at law.

Sections 55, 56, 57, 58, 59, 60, and 65 of the charter, and its amendment, of the city of Birmingham, are made exhibits to the bill. By virtue of the authority given in said sections, the grading of the said avenue and sidewalk was done, and the assessment against the abutting property was made. Section 57 is in part as follows: "Be it further enacted, that if said improvement be finally ordered and constructed, the board of mayor and aldermen shall have the power and authority, after completion and acceptance thereof, to assess the total expense of constructing said improvement upon or against the several lots or parcels of land abutting the portion of the streets, avenues or sidewalks improved, * * * in proportion to the amount of benefit accruing to each, and all such assessments shall be and constitute a lien on the respective lots or parcels of land upon which they are levied, superior to all other liens, except those for state and county taxes." The respondent having filed with the city her claim for damages, which was disallowed and then having brought suit in the city court of Birmingham for such claim of damages before the assessment was made by said city, the complainant can claim no advantage by reason of the fact that she did not appear before the mayor and aldermen to protest when notified in accordance with the charter and ordinances of said city. Her claim for damages and suit for same were not only a claim for damages for injury done by the said city to her said property, but was a most emphatic protest against the right of the city to assess any amount against her said property to help pay for such grading and fixing of said avenue and sidewalk. In other words, if said lots were damaged by said work, the city was not entitled to as-

[Mayor and Aldermen of Birmingham v. Wagenseler.]

sess any amount against her property; for, under the rules of law governing such matters, the same work could not be both a benefit and a detriment to the property. To determine whether there was a benefit or a detriment to the property, the test is whether the work done increased or diminished the value of the property. If it increased the value of the property, then the assessment not exceeding the benefit on the one hand or its proportionate share of the expense on the other would be proper and legal. On the other hand, if said work diminished the value of said property by making it more inaccessible, then the owner of the property would be entitled to damages.

Upon a careful examination of the evidence, we are of opinion that complainant wholly failed to show by a preponderance of the evidence that the value of the said lots was increased at all, or to show any right to make any assessment against the same to help pay for the work done. If such assessments are to be made "in proportion to the amount of benefit accruing to each," then it would seem clear that, if there were no benefit, there could be no assessment.—*City Council of Montgomery v. Foster*, 133 Ala. 596, 32 South. 610; *City Council of Montgomery v. Birdsong*, 126 Ala. 632, 28 South. 522. The plaintiff having failed to establish by a preponderance of the evidence any valid assessment against the lots of respondent abutting on said Avenue 1, there was no lien to be enforced, and its bill was properly dismissed. The injunction also was properly dissolved and the cross-bill dismissed, since there was no equity in the cross-bill and respondent had an adequate remedy at law in the suit that had been enjoined.

The decree of the chancery court is affirmed.

Affirmed.

DOWDELL, C. J., and McCLELLAN and MAYFIELD, JJ., concur.