## EDWARDS *et al.* v. STATE.

No. 3224.   Opinion Filed November 11, 1913.

(136 Pac. 577.)

1.  **BAIL—Action on Forfeited Bond—Negativing Defense.**   In order to state a cause of action on a forfeited bail bond, it is not necessary to allege in the petition that the sum written in the bond has not been paid.

2.  **EVIDENCE—Best Evidence—Forfeiture of Bail Bond—Surrender of Principal.**   In such an action parol evidence to prove a surrender of the principal to the sheriff is inadmissible in support of the claim of discharge by the surety.

3.  **BAIL—Release of Sureties on Bond.**   Section 6109 of the Criminal Code (Rev. Laws 1910) prescribes the manner in which a surety may be released from liability on a bail bond, and a strict compliance with the terms of this statute is necessary to effectuate a release.

4.  **BAIL — Forfeiture — Judgment—Variance From Bond.**   Section 6110 of the Criminal Code (Rev. Laws 1910) prescribes the steps necessary to be taken declaring a forfeiture on a bail bond, and it is not necessary that the amount of the bond should be found or recited in the order declaring a forfeiture, and if the amount of the bond is recited in the order and it is different from the amount written in the bond, such recital is surplusage, and an objection to the admission of the bond, when offered in evidence in an action on the bond, on the ground of variance, is not well taken, since the variance is immaterial.

(Syllabus by Galbraith, C.)

*Error from District Court, Okfuskee County;*
*John Caruthers, Judge.*

Action on behalf of the State of Oklahoma against Will Edwards and Jas. L. Rudd. Judgment for plaintiff, and defendants bring error. Affirmed.

*W. A. Huser, C. B. Conner,* and *A. L. McRill,* for plaintiffs in error.

*Jas. C. Wright,* Co. Atty., and *Thos. H. Wren,* Asst. Co. Atty., for the State.

Opinion by GALBRAITH, C. This was an action in the district court of Okfuskee county, instituted by the county attorney on behalf of the state of Oklahoma against the plaintiffs in error, Will Edwards, as principal, and Jas. L. Rudd, as surety, on two appeal bonds. The petition contained two counts. In one it was alleged: That on the 14th day of July, 1909, in the county court of Okfuskee county, the principal, Will Edwards, was convicted of the crime of unlawfully selling and furnishing intoxicating liquor, and was sentenced by the court to pay a fine of $50 and to serve a term of 30 days in the county jail. That Edwards prayed an appeal from the judgment and sentence to the Criminal Court of Appeals of the state of Oklahoma, which appeal was allowed and a supersedeas bond fixed in the sum of $450, and it was ordered by the court that the case-made and petition in error be filed within 70 days from the 17th day of July, 1909. That said supersedeas bond was duly executed by Will Edwards, as principal, and Jas. L. Rudd, as surety, and was approved by the court and filed therein, and said defendant was discharged by reason of giving said supersedeas bond. That the condition of the bond was that the principal therein "shall appear, submit to, and perform any judgment rendered by said Supreme Court, or by said county court, in the further progress of said cause, and shall not depart without leave of the court, then this obligation shall be void; otherwise to remain in full force and effect." That the principal in said bond failed to perfect his appeal, as provided in the order of the court and the statutes of Oklahoma, and that on April 10, 1910, on the application of the county attorney praying for a commitment for the

principal on account of a breach in the condition of the bond, in having failed to perfect his appeal, and failure to appear in the county court, and his departure without leave. That a forfeiture of said bond to the state of Oklahoma was duly declared and entered on the journal of said court. That a copy of the bond was set out as an exhibit to the petition, as well as the certificate from the clerk of the Criminal Court of Appeals, showing that the case-made and petition in error had not been filed in that court, and that a copy of the order of the county court forfeiting the bond was also attached as an exhibit and the number and style of the cause in which the bond was taken being set out. The second count declared upon a bond similar in form, and charged a conviction of a similar offense, in a different numbered case in the same court, and on the same day, and also charging that the sentence in the second case was a fine of $100 and a term in the county jail of 60 days; that the supersedeas bond made in this case was in the sum of $600, and also alleging a forfeiture and attaching corresponding exhibits as in the first count. The prayer was for judgment against the principal, Will Edwards, and the surety, Jas. L. Rudd, in the sum of $1,050 and interest at six per cent. per annum from the date of the forfeiture, and costs of suit. The surety appeared by counsel and interposed a demurrer to the petition, which was by the court overruled. He then answered and admitted the conviction and sentence of the principal, the execution and approval of the bonds, and the discharge of the principal, as alleged in each count of the petition, but alleged by way of defense that before a forfeiture had been declared on either of the bonds, the principal, Will Edwards, voluntarily surrendered himself to the sheriff of Okfuskee county in execution of said judgments, and claimed that he was thereby released from liability as surety on said bonds. A reply to this answer, denying the new matter set out therein, was filed. The cause was tried before the court and jury, and a verdict returned in favor of the plaintiff for $1,050.

Error is assigned: First, in overruling the demurrer to the petition; second, in excluding evidence offered in support of the

affirmative defense set out in the answer; third, in admitting evidence offered by the plaintiff and objected to by the defendant.

It is contended in support of the first assignment that the petition did not state facts sufficient to constitute a cause of action, inasmuch as it was not alleged that the sum written in the bond had not been paid. Counsel for plaintiffs in error argues with apparent seriousness that this is still an open question, and attempts to draw an analogy between a suit on a promissory note and one on a bail bond. The similarity between such actions is not apparent. In the execution of a promissory note the maker assumes an obligation to pay a sum certain at a time certain, and in stating a cause of action on the note it is necessary to allege a failure to pay—that is, a breach of the obligation assumed by the maker in executing the note—while in executing a bail bond the obligation assumed by the surety, in the instant case, was to pay to the state of Oklahoma the amount written in the bond, upon condition that the principal "shall appear, submit to and perform any judgment rendered by said Supreme Court, or by said county court, in the further progress of said cause, and shall not depart without leave of court." The failure to appear in the county court and the departing without leave was a breach of the condition of this bond, and a violation of the obligation assumed in its execution, and the allegation of failure to pay the amount of the bond would not seem to be necessary in order to state a cause of action thereon. This is a matter of defense. However, this question, we take it, has been settled in this jurisdiction since the decision in the case of *Shriver v. State,* 32 Okla. 507, 122 Pac. 160, where it was squarely held that a petition on a forfeited bail bond need not allege that the amount of the bond had not been paid. See, also, *State v. Grant,* 10 Minn. 39 (Gil. 22); *State v. Biesman,* 12 Mont. 11, 29 Pac. 534; *People v. Love,* 19 Cal. 677; *Gay v. State,* 7 Kan. 394; *Barkley v. State,* 15 Kan. 99; *McLaughlin v. State,* 10 Kan. 581; *Ingram v. State,* 10 Kan. 634; *State v. Hines,* 131 Pac. 688.

The second error complained of was the sustaining of objection to the offer of proof made in support of the surrender of the principal. The offer was to prove by the oral testimony of the surety that the principal voluntarily surrendered himself to the sheriff of Okfuskee county prior to the entry of default on each of these bonds, and the sheriff had taken the principal into custody. The objection to this offer was that it was incompetent, irrelevant, and immaterial and not the best evidence.

When a principal has been discharged on bond, the surety is technically considered as his custodian, and as having control and dominion over him, and may discharge himself by surrendering the principal in the manner prescribed by statute. 5 Cyc. 44. The dominion a bail has over his principal has been quaintly expressed as follows:

"The bail have their principal on a string, and may pull the string whenever they please and render him in their discharge; they may take him up even upon Sunday, and confine him till the next day, and there render him, for the entry in this court, is *traditur in ballium,* etc., and the doing it on Sunday is no service of process." (*U. S. v. Stevens* [C. C.] 16 Fed. 105.)

Section 6109 of the Code of Criminal Procedure (Rev. Laws 1910) provides the way in which a surety may release himself from the obligation of a bail bond. This section reads as follows:

"Any party charged with a criminal offense and admitted to bail may be arrested by his bail at any time before they are finally discharged, and at any place within the state, or by a written authority indorsed on a certified copy of the recognizance, bond or undertaking, may empower any officer or person of suitable age and discretion, to do so, and he may be surrendered and delivered to the proper sheriff or other officer, before any court, judge or magistrate having the proper jurisdiction in the case; and at the request of such bail the court, judge or magistrate shall recommit the party so arrested to the custody of the sheriff or other officer, and indorse on recognizance, bond, or undertaking, or certified copy thereof, after notice to the county attorney, and if no cause to the contrary appear, the discharge and exoneration of such bail; and the party so com-

mitted shall therefrom be held in custody until discharged by due course of law."

The manner of the surrender of the principal is regulated by this statute. The general rule is that the provisions of the statute must be strictly followed by the surety seeking to be released from the bond.

It was said by the Supreme Court of Oregon, on this question:

"What the defendants here, suppose or believe as to the surrender of the defendants in a criminal action does not affect the case. The statute itself provides the manner in which a defendant may be surrendered and bail exonerated, and that is the rule to be observed. It excludes all other methods of reaching that result." (*Cameron v. Burger,* 60 Ore. 458, 120 Pac. 10.)

*Roberts v. State,* 4 Tex. App. 129; *Knight v. State,* 35 Okla. 375, 130 Pac. 282; *State v. Hines,* 37 Okla. 198, 131 Pac. 688.

At common law the surety could not show by parol the surrender of his principal.

"At common law, therefore, a defense to an action on the bail bond by way of surrender could only be established by showing from the record that such surrender had been made, either of the principal himself voluntarily, or by his sureties; and the record entry of the fact, whether made on the bailpiece filed in court or otherwise properly noted, was styled 'the discharge' and *exoneratur*' of the bail." (*United States v. Stevens* [C. C.] 16 Fed. 104.)

Nor can such surrender be shown by parol under our statute. In Texas the statute provides two ways the surety may be relieved from liability. One is that the surety may be released by surrendering the principal to the sheriff of the county where the prosecution is pending, and the other provides that he may make written affidavit of his intention to surrender and cause a warrant for the arrest of the principal to issue, and to be executed as in other cases. The Supreme Court of Texas, in discussing these statutes, said:

"These are the modes, and the only ones known to our law. The procedure is fully and explicitly stated in the articles 2741

and 2750, inclusive, and, according to our construction, must be pursued strictly." (*Roberts v. State,* 4 Tex. App. 129.)

The case of *Whitener v. State,* 38 Tex. Cr. R. 146, 41 S. W. 595, from the Texas Court of Criminal Appeals, is not an authority in support of the contention. of the plaintiff in error, for the reason that the Texas statute specifically authorizes the bail to surrender his principal to the sheriff. Nor is the case of *Walton v. People,* 28 Ill. App. 645, an authority, for the same reason. The Illinois statute quoted in this opinion specifically authorizes the surety, at any time before default upon a bond, to surrender his principal to the sheriff.

The next assignment urged is that the trial court admitted, over the objection of plaintiff in error, the bonds sued on, and the judgment of forfeiture taken thereon, and contends that there is a variance between the bonds and recitals in the judgment of forfeiture, inasmuch as one of the bonds was taken for $450 and the other in the sum of $600, while the judgment of forfeiture recites that each of the bonds was taken in the sum of $500, and it is contended that this constituted a variance, and this evidence should have been excluded.

It is true that it was a variance, but was it a material variance, or was the defendant misled or in any way injured by this evidence? Section 6110 of the Criminal Code (Rev. Laws 1910) provides the manner of taking a forfeiture on a bond. This section reads as follows:

"If, without sufficient excuse, the defendant neglects to appear according to the terms or conditions of the recognizance, bond or undertaking, either for hearing, arraignment, trial or judgment, or upon any other occasion when his presence in court or before the magistrate may be lawfully required, or to surrender himself in execution of the judgment, the court must direct the fact to be entered upon its minutes, and the recognizance, bond or undertaking of bail, or the money deposited instead of bail, as the case may be, is and shall be thereupon declared forfeited. But, if at any time before the final adjournment of court the defendant or his bail appear and satisfactorily excuse his neglect, the court may direct the forfeiture to be discharged upon such terms as may be just. After the forfeiture, the county attorney must proceed with all due diligence, by ac-

tion against the bail upon the instrument so forfeited. If money deposited instead of bail be so forfeited, the clerk of the court or other officer with whom it is deposited, must, immediately after the final adjournment of the court, pay over the money deposited to the county treasurer."

It will be observed that the statute does not require the court, in declaring and entering a forfeiture on a bail bond, to find the amount of the bond or to enter a judgment for the amount thereof. The essential requirements are that the court should find as a fact that a certain bond had been given in a particular case, and that there had been default in some one of the conditions written in the bond. These are the essential facts that must be found and entered in order to declare a forfeiture. The recital of the amount of the bond which constituted the variance complained of was not essential, and it was not required under the statute, and at most it should be considered an irregularity. It does not appear that the plaintiff in error was injured in any way, or could possibly have been injured, by this misrecital of the amount of the bonds in the order entering the forfeiture. The order gave the number and style of the case, and the offense of which the principal had been convicted, and the date of the giving, filing, and approval of the bond. And then, again, the plaintiffs in error admitted in their answer the execution of the identical bonds offered in evidence. *Barkley v. State,* 15 Kan. 100. See 5 Cyc. 103; *Saxton v. State,* 8 Blackf. (Ind.) 201; *Ditto v. State,* 30 Miss. 126. The objection to the admission of this evidence was properly overruled.

It does not appear from an examination of the record in this case that the plaintiff in error appeared in the county court when the forfeiture of the bonds was taken, or afterwards made application to that court to vacate or set aside the forfeiture, or made any effort in that court to relieve himself from the consequences of the forfeiture. He seemed to have remained passive until after action was commenced in the district court, when he attempted to show as a defense, by oral testimony, a surrender of the principal. This could not avail him as a de-

fense in such action.  He might have secured his discharge by complying with the provisions of the statute above quoted, by proper steps taken in the county court.  That he did not do this seems to have been his own fault, and he should not now complain of the result.

It follows from the foregoing that none of the assignments are well taken, and that the judgment appealed from should be affirmed.

By the Court:  It is so ordered.