**ANDREWS et al. v. STATE ex rel. SAYE.**

No. 9734—Opinion Filed Oct. 12, 1920.

Rehearing Denied Dec. 14, 1920.

(Syllabus by the Court.)

**Bail—Action on Bond—Order of Forfeiture —Collateral Attack.**

The final order of the trial court declaring a forfeiture of a bail bond cannot be collaterally attacked in a subsequent action against the principal and sureties on the bond.

Error from District Court, Jefferson County; Cham Jones, Judge.

Action by the State on the relation of Ben F. Saye, County Attorney, against Brooks Andrews, Bert Tucker, and another upon a forfeited appeal bond. Judgment for plaintiff, and the defendants named bring error. Affirmed.

W. D. Hereford and Bridges & Vertrees, for plaintiffs in error.

Ben F. Saye, for defendant in error.

RAINEY, C. J. The state of Oklahoma, as plaintiff, obtained a judgment in the district court of Jefferson county in the sum of $500 on a forfeited appeal bond against the defendants, H. D. Anderson, as principal, and Brooks Andrews and Bert Tucker, as sureties, from which the defendants Andrews and Tucker have appealed to this court.

The defendant Anderson was convicted in the county court of Jefferson county of maintaining a gambling house, from which judgment he appealed to the Criminal Court of Appeals of this state. For the purpose of staying execution he executed the supersedeas bond on which this action was brought and judgment rendered. He failed to perfect the appeal within the time provided by law, and on the 3rd day of February, 1917, a forfeiture was taken against him and the sureties named on the appeal bond.

The defendants Andrews and Tucker offered to prove by witnesses Ad Wilson and Jim Roche that Anderson was taken into custody by the sheriff of Jefferson county and placed in the county jail of said county some time in the month of June, 1916, by virtue of a commitment issued out of the county court of said county on the judgment in the case in which said bond was given. and that said defendant was kept in the jail five or six days and was permitted to depart therefrom by the sheriff's force of said county, or that they turned him out. The court excluded this evidence, and its action in this respect is the principal assignment of error. This evidence would doubtless have authorized the court in which the forfeiture was taken to discharge the forfeiture, but such a defense was not available in an action on the bond, for it has been repeatedly held in this jurisdiction that the final order of the trial court declaring a forfeiture of a bail bond cannot be collaterally attacked in a subsequent action against the principal and sureties on the bond. State v. Hines et al., 37 Okla. 198, 131 Pac. 688; Hines et al. v. State, 39 Okla. 638, 136 Pac. 592; Edwards et al. v. State, 39 Okla. 605, 136 Pac. 577.

In Edwards et al. v. State, supra, the sureties offered to prove by parol testimony that the principal voluntarily surrendered himself to the sheriff of Okfuskee county prior to the entry of the default on the bond, and that the sheriff had taken him into custody. With reference to this defense, Galbraith, Commissioner, speaking for the court, said:

"It does not appear from an examination of the record in this case that the plaintiff in error appeared in the county court when the forfeiture of the bonds was taken, or afterwards made application to that court to vacate or set aside the forfeiture, or made any effort in that court to relieve himself from the consequences of the forfeiture. He seemed to have remained passive until after action was commenced in the district court, when he attempted to show as a defense, by oral testimony, a surrender of the principal. This could not avail him as a defense in such action. He might have secured his discharge by complying with the provisions of the statute above quoted, by proper steps taken in the county court. That he did not do this seems to have been his own fault, and he should not now complain of the result."

We have not overlooked the decision in the case of State v. Herber, 70 Oklahoma, 173 Pac. 651, wherein it was held that it was a sufficient defense to an action upon a criminal appeal bond for the bondsmen to show that the principal in the case, subsequent to the execution of the bond, had been convicted on another criminal charge and confined pursuant to the judgment of said court in the state penitentiary, thereby preventing said principal from appearing and the bondsmen from producing him in court to submit to the judgment in the case wherein the appeal bond was given.

This statement of the law is not accurate and is in conflict with all the other cases in

this jurisdiction above cited. The opinion is correct in holding that the facts therein set out would excuse the bondsmen from producing the defendant in court as required by the bond, but it failed to state that the proper and only way in this jurisdiction to relieve the bondsmen under such circumstances was to apply to the court adjudicating the forfeiture to have it set aside, and that such defense could not be made in a collateral attack on the bond. The error in the opinion is easily explained by the fact that the manner of the attack does not appear to have been raised in that case in the trial court, nor does it appear to have been raised or considered in this court. Where a judgment is attacked in a collateral proceeding and the adverse party waives the form of attack and issues are determined by a court of competent jurisdiction, such determination is binding and conclusive on the parties, for the reason that the general rule against collateral attacks on judgments is one of public policy and convenience which the parties for whose benefit it exists may waive.

The judgment is therefore affirmed.

HARRISON, JOHNSON, HIGGINS, and BAILEY, JJ., concur. PITCHFORD, J., dissents.