COOKE *v.* HARPER, CLERK OF MORGAN CIRCUIT COURT.

[No. 10,978. Filed May 10, 1922.]

1. BAIL.—*Discharge of Surety.*—*Subsequent Arrest of Principal for Another Offense.*—One charged with a crime, when released on bail, is delivered into the friendly custody of the surety, who, under the common law, had a right, without process, to arrest and surrender his principal, and a subsequent legal arrest of the principal for the same offense as that for which the bail was given operates to discharge the surety, but the rule is otherwise where the subsequent arrest

is for another offense; the state's only undertaking being not to deprive the surety of the custody of the principal so far as the particular offense is concerned. p. 269.

2. BAIL.—*Discharge of Surety.—Surrender of Principal.—Compliance with Statutory Requirements.*—Where the manner in which the accused may be surrendered and the surety on a recognizance exonerated is fixed by statute, the mode of arrest and surrender provided therein is not cumulative, but is exclusive of the common-law remedy, and if the surety desires to surrender his principal he should substantially comply with the statute. p. 271.

3. BAIL.— *Money Deposited in Lieu of Bail.— Discharge of Surety.— Arrest of Principal for Another Offense.— Verbal Notice to Court.*—Upon a subsequent arrest for another offense in another county of one for whom a third party had made a cash deposit in lieu of bail, as authorized by §§1353, 2017 Burns 1914, Acts 1905 p. 20, Acts 1905 p. 584, §147, a mere verbal notification, by the party depositing the money, to the court in which the deposit was made that the principal was under arrest, and in jail in another county of the state, coupled with a request for the issuance of a warrant for his arrest and a demand for a return of the money deposited with the clerk, was not sufficient to entitle the depositor to be discharged as surety. p. 272.

From Morgan Circuit Court; *Alfred M. Bain,* Judge.

Petition by Carrie Cooke for an order that E. W. Harper, clerk of the Morgan Circuit Court, pay petitioner certain money deposited in lieu of bail. From a denial of the petition, the petitioner appeals. *Affirmed.*

*East & Regester,* for appellant.

*U. S. Lesh,* Attorney-General, *Edward M. White* and *Orla W. Smith,* for appellee.

REMY, J.—In accordance with the provisions of §2017 Burns 1914, Acts 1905 p. 584, §146, appellant deposited with the clerk of the Morgan Circuit Court the sum of $1,000, conditioned that one Frank Cooke, who at the time was under arrest charged with grand larceny in said court, would appear in court when his presence should be lawfully required. Thereafter, and before his trial, Cooke was arrested in the county of Monroe

charged with crime, and following such arrest was in the custody of the sheriff of the Monroe Circuit Court, continuously for a period of four days. During the time Cooke was in the custody of such sheriff, appellant notified the Morgan Circuit Court of his arrest and detention, and requested that a warrant be issued for his arrest, and that he be taken into custody by the sheriff of the Morgan Circuit Court on the charge there pending, and that the $1,000 deposited by appellant be returned. No warrant was issued for the arrest of Cooke, and no action whatever was taken by the Morgan Circuit Court, or any officer of that court or of the State of Indiana, to take the accused into custody. Whereupon appellant commenced this suit in the Morgan Circuit Court, setting forth in her complaint the above facts, and asking that appellee, as clerk of such court, be ordered to pay over to appellant the $1,000 which had been deposited by her in lieu of bail, excepting the costs which may have been incurred by the state, and which under the law should be adjudged to be paid by appellant.

A demurrer to the complaint for want of sufficient facts was sustained, and appellant refusing to plead further, judgment was rendered against her.

The action of the court in sustaining the demurrer to the complaint is the only assigned error.

Although the clerk of the Morgan Circuit Court is named in the complaint as defendant, the cause is not a suit against the clerk, but is in reality a petition to the court for an order that the clerk pay to the petitioner the money deposited with such clerk.

One charged with a crime, when released on bail, is, as Blackstone says, delivered into the "friendly custody" of the surety. 2 Cooley, Blks. (4th ed.) 1064.

1. The dominion of the surety is regarded in law as a continuation of the original imprisonment,

and under the common law the surety had a right, without process, to arrest and surrender his principal. *Edwards* v. *State* (1913), 39 Okla. 605, 136 Pac. 577. When bail is given in a criminal case, the only undertaking of the state is not to deprive the surety of the custody of the principal so far as the particular offense is concerned. *Wheeler* v. *State* (1897), 38 Tex. 71. A subsequent legal arrest of the principal for the same offense as that for which the bail was given operates to discharge the sureties. *Weaver* v. *State* (1914), 56 Ind. App. 394, 105 N. E. 517; *Commonwealth* v. *Skaggs* (1913), 152 Ky. 268, 153 S. W. 422, 44 L. R. A. (N. S.) 1064. The rule is otherwise where the subsequent arrest is for another offense. Under such circumstances the arrest does not *ipso facto* discharge the principal. When bail is given, the state assumes no obligation not to make a subsequent arrest of the accused for other offenses. As was said by the Supreme Court of Georgia in the case of *West* v. *Colquitt* (1883), 71 Ga. 559, 57 Am. Rep. 277: "When the bail agree to produce their principal at court, they do so in full view of the fact, that the principal may commit another offense, and may give bail for that, under another arrest; and that, because they have agreed to produce his body to answer for the first offense, the state does not bargain with them not to arrest him if he sins again."

It is not averred in the complaint under consideration, that appellant had become obligated as surety on any formal bail bond or recognizance for the appearance of her principal. The averment is that the $1,000 which by this suit appellant seeks to recover, was by her deposited with the court in lieu of bail. Such a deposit is authorized by §1353 Burns 1914, Acts 1905 p. 20, §2017 Burns 1914, *supra*. When and in what manner money so deposited may be returned to the surety who made the deposit is fixed by §2018 Burns 1914, Acts

1905 p. 584, §147, which provides: "If money has been deposited instead of bail, and the defendant, at any time before the forfeiture thereof, shall give sufficient special bail, or shall surrender himself in open court, or to the sheriff, as provided in this act, or be in any manner legally discharged, the court shall order a return of the deposit to the defendant or to the person who deposited it for him."

The complaint does not contain allegations showing that special bail was given by the principal, nor that he surrendered himself in open court or to the sheriff; nor is it averred that the principal was discharged. It follows that if the conditions precedent to the return of bail money which are provided by the above statute are exclusive, then the complaint is not sufficient as against a demurrer for want of sufficient facts.

It is suggested, however, that the deposit of cash in lieu of bail amounts to, and is, a recognizance within the meaning of the Code of Criminal Procedure of this state, and that §155 of the Code (§2026 Burns 1914, Acts 1905 p. 584, §155) which fixes the steps to be taken by the surety for the surrender of the principal, is here applicable. This section is as follows: "When a surety on any recognizance desires to surrender his principal, he may procure a copy of the recognizance from the clerk, by virtue of which such surety, or any person authorized by him, may take the principal in any county within the state."

It is well settled that where the manner in which the accused may be surrendered and the surety on a recognizance exonerated is fixed by statute, the mode

2. of arrest and surrender provided by statute is not cumulative, but is exclusive of the common-law remedy; and if the surety desires to surrender his principal there should be substantial compliance with the statute. *Edwards* v. *State, supra; Cameron* v.

*Burger* (1912), 60 Ore. 458, 120 Pac. 12; *Gray* v. *Strickland* (1909), 163 Ala. 344, 50 So. 152; *Woodring* v. *State* (1908), 53 Tex. Cr. R. 17, 108 S. W. 371; *Roberts* v. *State* (1878), 4 Tex. Civ. App. 129.

It is not averred in the complaint that appellant took any steps required by the statute above quoted (§2026 Burns 1914, *supra*) ; nor is it shown that she filed any formal petition with the Morgan Circuit Court showing an excuse for not so doing. We hold that even if the deposit of the $1,000 instead of bail could be treated and held to be a recognizance, which we do not decide, nevertheless the complaint is insufficient. The mere verbal notification of the Morgan Circuit Court by appellant that her principal was under arrest, and in jail in another county of the state, coupled with a request to the Morgan Circuit Court for the issuance of a warrant for his arrest and a demand for a return of the money deposited with the clerk by appellant, would not be sufficient to discharge appellant as surety. See *State* v. *Merrihew* (1877), 47 Iowa 112, 29 Am. Rep. 464; *Alquire* v. *Commonwealth* (1843), 3 B. Mon. (Ky.) 349; *State* v. *Funk* (1910), 20 N. D. 145, 127 N. W. 722, 30 L. R. A. (N. S.) 211, Ann. Cas. 1912C 743.

The demurrer to the complaint was properly sustained.

Affirmed.