## STATE ex rel. SULLIVAN v. LITTRELL et al.

No. 14040—Opinion Filed May 27, 1924.

Bail—Action on Forfeited Bond—Collateral Attack.

The final order of the trial court declaring a forfeiture of a bail bond cannot be collaterally attacked in a subsequent action against the principal and sureties on the bond.

(Syllabus by Maxey, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Stephens County; Cham Jones, Judge.

Action by the State of Oklahoma ex rel. P. D. Sullivan, County Attorney of Stephens County, against J. M. Littrell and others. Judgment for defendants, and plaintiff appeals. Reversed.

P. D. Sullivan, for plaintiff in error.

Bond & Morris, for defendants in error.

Opinion by MAXEY, C. The original opinion in this case followed the case of McIntosh et al. v. State, 97 Okla. 134, 224 Pac. 702, and does not properly distinguish between that case and the instant case. In the McIntosh Case the proceeding was to vacate and set aside the forfeiture. The motion to set aside the forfeiture in the McIntosh Case was filed the day after the forfeiture was taken, and under the facts in that case, this court held that the court below should have set aside the forfeiture on the showing made in that case. In the instant case, the sureties did not attempt to have the forfeiture set aside by a direct attack on the judgment of forfeiture, but waited until suit was brought on the bond, and then came in by answer and attacked the judgment of forfeiture on the ground that they had done everything they could do in assisting the sheriff in apprehending the defendant, Swan, and did succeed in having him placed in jail, and that they should, therefore, be relieved from paying said bond. It is clear to us, that if they had appeared at the time the forfeiture was taken, or made timely motion to have the forfeiture set aside, that under the showing made at the trial of this case, the court would, in all probability, have set the forfeiture aside. It will be observed from the opinion in the McIntosh Case that Commissioner Jones opened his opinion with this statement:

"This is an appeal taken by the plaintiffs in error from the district court of Muskogee county, Oklahoma, from the order and judgment of said court denying the motion to set aside the forfeiture of a certain criminal appearance bond, wherein the state of Oklahoma was plaintiff and Redfield Richard was defendant. Prior to the institution of this proceeding, the case of the State v. Richards was called for trial, and he failing to appear, a forfeiture of his bond was declared by the court; and the day following, and during the same term of court, plaintiffs in error appeared and interposed a motion asking that the forfeiture of the bond be set aside, and that they be declared exonerated from liability on the bond, and after hearing the same the motion was denied by the court, and plaintiffs appealed from said order and judgment of the court."

It thus appears that the McIntosh Case was a direct attack upon the judgment of forfeiture, filed the next day after the forfeiture was entered and during the same term of the court, and that the appeal was from an order of the court denying the motion to vacate said forfeiture. This shows the clear distinction between the questions presented in the McIntosh Case and those presented in the instant case.

The response to the petition for rehearing has been carefully examined, and it calls to the attention of the court no authority in conflict with the holdings of this court heretofore in Edwards et al. v. State, 39 Okla. 605, 136 Pac. 577; Andrews et al. v. State, 80 Okla. 20, 193 Pac. 873; State ex rel. Hankin v. Holt et al., 42 Okla. 472, 141 Pac. 969.

In the Edwards Case, supra, the law applicable to the facts in the instant case is thus stated:

"It does not appear from an examination of the record in this case that the plaintiff in error appeared in the county court when the forfeiture of the bonds was taken, or afterwards made application to that court to vacate or set aside the forfeiture, or made any effort in that court to relieve himself from the consequences of the forfeiture. He seemed to have remained passive until after action was commenced in the district court, when he attempted to show as a defense, by oral testimony, a surrender of the principal. He might have secured his discharge by complying with the provisions of the statute above quoted, by proper steps taken in the county court. That he did not do this seems to have been his own fault, and he should not now complain of the result."

If defendants in error had appeared in the county court of Stephens county at the time of the forfeiture, or upon timely motion thereafter, to vacate the forfeiture, they would have been permitted to show the facts entitling them to be exonerated from liability, and the judgment of forfeiture would, in all probability, have been vacated. However, this was not done and the judgment of forfeiture, after it became final, was an adjudication of the fact that they had not been exonerated from their bond, and that the same was a valid and subsisting obligation at the date of the judgment forfeiting the same. After the judgment of forfeiture became final they occupied the same position as would a surety upon a promissory note who permits a judgment thereon to become final when he could have prevented judgment against himself by showing an alteration of the note after he signed it. Such surety could not thereafter in another proceeding attack the correctness of the judgment on the note by showing the fact of its alteration. Neither can the defendants in error in this case, after permitting judgment of forfeiture to become final, avoid the effect of such judgment in another and different proceeding by proving acts on their part which would have entitled them to be exonerated from liability if those facts had been presented to the court having jurisdiction to pass upon the subsisting liability on the bond.

It is apparent that in basing the conclusion in the original opinion herein on the McIntosh Case this court overlooked the distinction and wide difference between the nature of the proceedings in the two cases. It is, therefore, recommended that the opinion heretofore written be withdrawn, and that the judgment of the trial court be, in all things, reversed.

By the Court: It is so ordered.