**DUREE et al. v. STATE ex rel. GLENN, Co. Atty.**

No. 14665—Opinion Filed Dec. 9, 1924.

(Syllabus.)

**1. Bail—Forfeiture of Bond—Collateral Attack in Action on Bond.**

The final order of a trial court declaring a forfeiture of a bail bond cannot be collaterally attacked in a subsequent action against the principal and sureties on the bond. (Andrews v. State ex rel. Saye, 80 Okla. 20, 193 Pac. 873.)

**2. Evidence—Parol Evidence to Signature to Bond—Insufficiency of Evidence.**

Parol evidence is admissible to show that the signature to a bond was misplaced by mistake, but where the bond shows no signature by an alleged surety to the body of the bond, but only to the qualification as a surety, and there is no testimony to show that such signature was misplaced, a judgment against such defendant on the bond will be set aside.

Error from District Court, Grant County; Claude Duval, Judge.

Action by the State ex rel. A. C. Glenn, County Attorney, against Jeff Duree and others. Affirmed as to the defendants Jeff Duree, W. R. Blair, and J. H. Abbott, and reversed as to J. W. Thompson.

J. B. Drennan, J. E. Falkenberg, and J. J. Coenen, for plaintiffs in error.

W. H. C. Taylor, for defendant in error.

WARREN, J. This was an action in the district court of Grant county, upon an appearance bond given to secure the release of one Jeff Duree, a plaintiff in error, from custody of the sheriff of Grant county on a charge of burglary.

The said bond was in the principal sum of $10,000 and was signed by Jeff Duree, as principal, and by W. R. Blair and J. H. Abbott, as sureties. The name of J. W. Thompson appeared on the qualification of sureties, but was not attached to the body of the bond.

The bond was forfeited, suit was brought thereon with judgment against the principal, Jeff Duree, and the sureties, W. R.

Blair. J. W. Thompson, and J. H. Abbott, for the amount of the principal.

Plaintiffs in error alleged error on two grounds:

"1. That the court erred in not rendering judgment at the close of plaintiff's testimony in behalf of the defendants.

"2. That the court erred in overruling the motion of defendants for a new trial, and also in overruling the amended motion of said defendants for a new trial."

On the trial the plaintiff merely introduced the record showing the forfeiture of the bond, having alleged its execution, the answer not being verified.

The plaintiff having rested upon the introduction of the forfeiture, the defendants demurred to the evidence of the plaintiff, which demurrer was overruled. Thereupon defendant asked leave to verify the answer, which was granted.

The defendants then introduced as a witness. J. W. Thompson, who testified that he signed the qualification of the sureties, but did not sign the body of the bond. On cross-examination he admitted that he knew that Duree was to be released on the completion of the bond by the attaching of the signatures, and that such action was taken. While it is true that the rule is that parol evidence is admissible to show that the signature of a surety to a bond has been misplaced, as was held by this court in Craig v. Spencer, 56 Okla. 259, 156 Pac. 172, yet in this case there is absolutely no evidence that the signature was placed there by mistake. The only evidence introduced is the evidence of Thompson himself, and he testifies that he was withholding his signature to the body of the bond because he had not been paid.

The assignment alleging the error in overruling the amended motion for a new trial goes to the proposition of newly discovered evidence set up therein. It is sufficient on this assignment to say that the alleged newly discovered evidence merely goes to an alleged telephone agreement for a continuance with the county attorney, who is not identified in the conversation. This is in no sense sufficient.

It appears that no effort has been made to set aside the forfeiture of the bond in this case, and final order of court declaring a forfeiture is not subject to collateral attack. State v. Hines et al., 37 Okla. 198, 131 Pac. 688; Hines et al. v. State, 39 Okla. 635, 136 Pac. 592; Edwards et al. v. State, 39 Okla. 605, 136 Pac. 577; Andrews et al. v. State, 80 Okla. 20, 193 Pac. 873.

Because of these facts we are precluded from considering the other defenses or the defense of newly discovered evidence as set up in the amended motion for new trial.

The judgment of the trial court will therefore be affirmed as to defendants Jeff Duree, W. R. Blair, and J. H. Abbott, and reversed as to J. W. Thompson.

Defendant in error has made application in its brief for judgment on the supersedeas bond. It appearing that a statutory supersedeas bond was filed in this case in the amount of $22,500 to stay the judgment against the defendants W. R. Blair and J. H. Abbott, and such judgment against them having been affirmed, and it further appearing that the sureties on the said bond were H. G. Stein, H. C. Wilson, and A. H. Williams, the application for judgment on the supersedeas bond will be sustained.

Judgment is therefore entered against sureties H. G. Stein, H. C. Wilson, and A. H. Williams in favor of the defendant in error for the sum of $11,837.50 and for the costs of this action, such judgment to bear interest at the rate of six per cent. per annum.

McNEILL. C. J.. and NICHOLSON, BRANSON, LYDICK, MASON, and GORDON, JJ.. concur.

Note.—See under (1) 6 C. J. § 324; (2) 6 C. J. § 366; 22 C. J. § 1702.