**Virgil Gene SAWYERS, Loyd Harmon and United Benefit Fire Insurance Company, a Nebraska Corporation, Plaintiffs in Error,**

**v.**

**STATE of Oklahoma ex rel. David HALL, County Attorney of Tulsa County, Oklahoma, Defendant in Error.**

**No. 41552.**

Supreme Court of Oklahoma.

Sept. 20, 1966.

Gordon L. Patten, Tulsa, for plaintiff in error.

Ted Flanagan, Asst. County Atty. of Tulsa County, Oklahoma, for defendant in error.

JACKSON, Vice Chief Justice.

This is an appeal from judgment for plaintiff and order overruling defendant's motion for new trial in an action to recover

upon a forfeited appearance bond, brought by the State of Oklahoma ex rel. David Hall, County Attorney of Tulsa County, against the defendants Virgil Gene Sawyers (defendant in the criminal case), Loyd Harmon (attorney-in-fact for the surety company upon the bond), and United Benefit Fire Insurance Company, the surety company.

The reason for naming Harmon, the attorney-in-fact, as a defendant is not clear; there is no contention that he was personally liable on the bond. No judgment was taken against either Harmon or Sawyers. Judgment for the amount of the bond was taken against United Benefit Fire Insurance Company, which appeals.

The petition alleged, among other things, that Sawyers was charged with the offense of driving while under the influence of intoxicating liquor and arrested on May 11, 1962; that upon arraignment he pleaded not guilty and the same day presented an appearance bond executed by himself and Loyd Harmon as "authorized agent and attorney-in-fact" for the defendant surety company; that the bond was approved and he was released from custody; that Sawyers' case was called for trial on July 20, 1962 and that he failed to appear; that on that day (July 20, 1962) the bond was ordered forfeited by the Hon. C. E. Allen, Judge of the Court of Common Pleas of Tulsa County.

The answer of the defendant surety company was an unverified general denial.

At the trial, the evidence on the part of the plaintiff consisted of the testimony of the Chief Deputy Court Clerk who identified the following exhibits: an appearance bond signed by Sawyers as principal, and United Benefit Fire Insurance Company as surety, by Loyd Harmon, as attorney-in-fact, in the sum of $500.00; a criminal appearance docket showing "7–20–62 Bench Warrant is ordered and issued. Bond forfeiture is granted. CA"; and an "Order Forfeiting Appearance Bond" dated *March 20, 1963,* wherein it was found that the defendant

(Sawyers) had filed his appearance bond in the cause, that he failed to appear in compliance therewith, and that he (Sawyers) and his sureties were adjudged to be in default. The order further declared the bond forfeited "and said defendant and his sureties Pete King are hereby ordered * * * to forthwith pay to the Clerk * * $500.00." The order forfeiting the bond was signed by Hon. Ed Morrison, Judge of the Court of Common Pleas, and not by Hon. C. E. Allen who appears to have been presiding when the bond was forfeited. Oral testimony tends to identify Pete King as attorney-in-fact for United Benefit Insurance Company at the time of trial of this case. The order forfeiting bond was entered upon the journal.

Based upon the foregoing exhibits the trial court rendered judgment against United Benefit Fire Insurance Company in the sum of $500.00 with interest from July 20, 1962.

■ We are of the view that the judgment is not supported by the evidence. The formal order of forfeiture does not purport to refer to the minutes entered on July 20, 1962, and does not appear to be related thereto. The formal order does not forfeit the Surety Company appearance bond which formed the basis of this action, but forfeited a bond purportedly signed by Pete King as surety.

It may be that it was unnecessary for the court in its formal order forfeiting the bond to describe the bond and name the surety. Edwards v. State, 39 Okl. 605, 136 P. 577. However, from the Criminal Appearance Docket showing "Bond forfeiture is granted" and the formal order Forfeiting Appearance Bond of Pete King, as surety, it cannot be said that the bond signed for and on behalf of United Benefit Fire Insurance Company, as surety, has been forfeited.

■ Having concluded that the evidence does not support the judgment, the judgment of the trial court must be, and is, reversed.