# Gray *v.* Strickland.

### *False Imprisonment.*

(Decided April 22, 1909.    Rehearing denied June 30, 1909.—50 South. 152.)

1. *Appeal and Error; Time to Take.*—Where a judgment was rendered prior to the going into effect of the Code of 1907, an appeal may be taken therefrom any time within a year.

2. *Bail; Right of Surety to Arrest.*—Sureties on a bail bond have a common law, right to arrest an accused at pleasure without process and to surrender him.

3. *Same; Statutory.*—Section 6351, Code 1907, is not cumulative but is exclusive of the common law right authorizing bail to arrest their principal without process.

4. *Evidence; Motive.*—In an action for false imprisonment, the defendant therein is not entitled to testify as to his purpose in having the plaintiff arrested.

· 5. *False Imprisonment; Arrest by Bail; Evidence.*—Where the action was for false imprisonment of the principal under an alleged unlawful arrest by his bail, the capias and bond were admissible only in mitigation of damages.

6. *Same.*—Evidence that the person who arrested the plaintiff was armed at the time of making the arrest was admissible the action being for false imprisonment.

APPEAL from Hale Circuit Court.

Heard before Hon. B. M. MILLER.

Action by James L. Strickland against J. E. Gray for false imprisonment. Judgment for plaintiff in the sum of $250, and defendant appeals. Affirmed.

The following charges were given at the instance of the plaintiff: "(1) The court charges the jury that, if they believe the evidence in this case, the detention of the plaintiff from the time he was taken from Wedgeworth's store and brought to Greensboro and placed in jail until he was carried back to the point on the railroad where Wedgeworth's store is situated was in violation of the law. (2) The court charges the jury that

the defendant had no authority under the law to place plaintiff, or cause him to be placed, in the jail of Tuscaloosa county; and the court charges the jury that the incarceration of the plaintiff in the jail at Tuscaloosa, Alabama, was an unlawful act. (3) The court charges the jury that, if they believe the evidence in this case, they must find a verdict in favor of the plaintiff, and they shall assess against the defendant such damages as they may believe under the evidence that plaintiff is entitled to. (4) The court charges the jury that, if they believe the evidence in this case, the defendant violated the law in bringing or causing to be brought the plaintiff from Wedgeworth to Greensboro; and in placing or causing the plaintiff to be placed in the jail at Greensboro, and in keeping or causing to be kept the plaintiff in the jail at Greensboro."

McQUEEN & HAWKINS, for appellant.—On the motion to strike the bill of exceptions and to dismiss the appeal counsel for appellant insist that the judgment having been rendered, prior to the going into effect of the Code of 1907, that the Code of 1896, governed, and the appeal was taken within time. As to the main case they insist that the court put an improper construction upon sections 6351-3, of the Criminal Code, in holding that a surety on a bail bond has no authority to arrest and surrender the principal except upon a certified copy of the bond. They cite in support of the contention.— *Kennedy v. Wright,* 1 Ala. 14; *State v. Cunningham,* 10 La. Ann. 393; *Belding v. The State,* 99 Am. Dec. 219. As to the common law right of sureties they cite. —*Cain v. The State,* 55 Ala. 170; *Hawk v. The State,* 84 Ala. 466; *Bearden v. The State,* 89 Ala. 21; *State v. Crosby,* 114 Ala. 11. The court erred in giving charge 1.—*Butler v. Washington,* 25 N. H. 251. The court also

erred in giving charges 5 and 6.—Authorities supra. The court erred in giving charge 8.—*Hughes v. Anderson,* 68 Ala. 280; *King v. The State,* 120 Ala. 329.

HENRY A. JONES, and de GRAFFENRIED & EVANS, for appellee.—Counsel insist that as the appeal was not taken until after the Code of 1907, went into effect that it was governed by the provisions of said Code, and not having been taken within the six months that the appeal should be dismissed, and cite.—2 Ency. P. & P. pp. 19 and 20; *Ex parte McCardle,* 7 Wall 514; *Butler v. Parmer,* 1 Hill. 324; *Ins. Co. v. Richie,* 5 Wall. 541. They insist that the court did not err in its construction of the statute or in the charges given or refused. They cite.—*L. & N. v. The State,* 45 South. 296; *State ex rel. Fitts v. Elliott,* 117 Ala. 133; *State ex rel. Johnson v. Mayer,* 142 Ala. 661 *State ex rel. Johnson v. Southern B. & L. Assn.,* 132 Ala. 50; *Crowell v. The State,* 142 Ala. 80; *Lemay v. Walker,* 62 Ala. 39; *State v. Tieman,* 39 Ia. 477; 26 A. & E. Ency. of Law, 665.

ANDERSON, J.—The judgment in this case having been rendered before the Code of 1907 went into effect, the appellant had one year, instead of six months, within which to take his appeal.—*Poull & Co. v. Foy-Hays Construction Co.,* 159 Ala. 453, 48 South. 785. The motion to dismiss the appeal is overruled.

Under the common law the sureties upon a defendant's bail had the unquestioned right to arrest him at pleasure and surrender him into the hands of the law, and this could be done without the issuance of process. —3 Am. & Eng. Ency. Law, 708; *Bearden v. State,* 89 Ala. 21, 7 South. 755; *State v. Crosby,* 114 Ala. 11, 22 South. 110; *Cain v. State,* 55 Ala. 170; *Hawk v. State,* 84 Ala. 466, 4 South. 690. Section 6351, Code 1907,

[Gray v. Strickland.] ·

provides for the discharge of the sureties by a surrender of the principal, and also provides for the arrest of the defendant upon a certified copy of the undertaking. Therefore, under the statute, the sureties have the right to procure their discharge by surrendering the principal at any time before a default, just as they had under the common law; the only change being that the arrest must be made upon a certified copy of the bond. The statute does not give any additional rights or powers, but really qualifies the common law right of arrest, and the method, as prescribed by the statute must be exclusive. It gives no additional right to arrest, and cannot be said to be in aid of or cumulative to the common law in this particular, and, to give it any meaning or operation whatever, it must be construed as confining the right of arrest by the sureties in the manner therein required. To hold otherwise would render the statute meaningless as to the requirement in making arrests, and in effect stultify the lawmakers.—*David v. Levy & Son,* 119 Ala. 241, 24 South. 589.

The Alabama cases, supra, merely reiterate the common law as to the sureties' right to arrest the principal, and did not attempt to construe the statute, in so far as it relates to the point involved in the case at bar, but dealt with the right of the sureties to a discharge and not in the way in which they could arrest the principal. True, there may be instances when it might be a hardship upon the bail to not permit an arrest of the principal without a certified copy of the undertaking; but this can be avoided by the procurement of a copy when the bond is made.

The trial court did not err in giving the charges requested by the plaintiff.

The trial court permitted the capias and bond to be introduced in mitigation of damages, and this was the only purpose that they could serve.

There was no error in declining to let the defendant ask the plaintiff how Seales seemed to hold him out, or in not letting Gray state his purpose in having the plaintiff arrested. He could narrate the facts, and it was for the jury to determine his motive or purpose.

There was no error in permitting Seales to testify that he was armed when he arrested the plaintiff. Whether he used the weapon or not, his having it was a circumstance to go to the jury in ascertaining the animus in making the arrest.

The judgment of the circuit court is affirmed.

DOWDELL, C. J., and McCLELLAN and SAYRE, JJ., concur.