# Nicholson *v.* Killpatrick.

*Malicious Prosecution and False Imprisonment.*

(Decided June 18, 1914. Rehearing denied July 25, 1914. 66 South. 8.)

1. *Bail; Right to; Arrest.*—Those who make bail for one accused of crime are not entitled to arrest him without a warrant except as prescribed by section 6351, Code 1907; the right there given being exclusive.

2. *Appeal and Error; Review; Presumption.*—Where the record did not disclose the demurrer filed, the overruling of the demurrer cannot be held erroneous although the plea to which it was directed was

subject to demurrer on one ground; in the absence of the demurrer, the presumption will be indulged, to support the ruling of the trial court, that the demurrer was inapplicable.

3. *Charge of Court; Directing Verdict.*—Where issue is taken on an immaterial or improper plea, and the plea is proven without dispute, the pleader is entitled to the general charge; if, however, the evidence is conflicting as to matters alleged in the plea, the question is one for the jury.

4. *False Imprisonment; Arrest by Bail; Evidence.*—In an action for false imprisonment based on an unlawful arrest by plaintiff's bail, the bail bond is admissible in evidence in justification only where the right of the bail to make the arrest is properly pleaded; when not so pleaded, the bail bond is admissibly only in mitigation.

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by Dave Nicholson against J. W. Killpatrick for malicious prosecution and false imprisonment. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

The first count claims damages for maliciously arresting and imprisoning plaintiff for two days. Count 2 claims for causing same to be done. Count 4 claims for assault and battery. Plea 5 is as follows:

Plaintiff at the time of his arrest and imprisonment was charged with the commission of a felony in DeKalb county, Ala., and defendant and one John A. Miller had theretofore become bail to his appearance at the next term of the circuit court of said county to answer said charge, and at the time mentioned in the complaint defendant had good cause to believe that plaintiff was in the act of leaving, or preparing shortly to leave, the county so that defendant would become liable as bail for plaintiff, and defendant avers that he did nothing more than to detain plaintiff for the purpose of releasing himself from such liability as bail for plaintiff, and that he did not detain him any longer than was necessary for said purpose, and that, while being detained, plaintiff was in no manner neglected or mistreated.

[Nicholson v. Killpatrick.]

JOHN A. LUSK & SON, and A. E. HAWKINS, for appellant. The sureties on a bail bond have no right to arrest their principal without a certified copy of the bail bond.—§ 6351, Code 1907; *Gray v. Strickland*, 163 Ala. 344; 5 Cyc. 48. Defendant became a trespasser ab initio when he failed to complete his exoneration.—19 Cyc. 331. The unlawfully imprisoning of plaintiff is tantamount to an assault and battery, and would support an indictment.—*Long v. Rogers*, 17 Ala. 540; *Gray v. Strickland*, 163 Ala. 344.

MCCORD & ORR, for appellee. If issue is joined on an immaterial plea, and it is proven without conflict, the pleader is entitled to affirmative instruction.—*Rowe v. Arrington*, 1 Ala. App. 633; *L. & N. v. Mason*, 58 South. 963. The bailors are the jailors of their principal.—*State v. Crosby*, 22 South. 110. The remedy provided by statute is not exclusive in this case.—1 A. & E. Enc. of Law 270.

ANDERSON, C. J.—It may be that the bail of a defendant had the right to arrest him without process of any description under the common law; yet it is settled in this state that the only authority he has to arrest the defendant is under a certified copy of the bond as prescribed by section 6351 of the Code of 1907. This court in construing said statute held that the right there given was exclusive, and not cumulative (*Gray v. Strickland*, 163 Ala. 344, 50 South. 152), and we are not inclined to depart from said holding.

Special plea 5 was, therefore, subject to an apt ground of demurrer. We cannot, however, put the trial court in error for overruling a demurrer to this plea, as the record does not disclose the demurrer to said plea, and presumptively it, if interposed, was inapt, and the action of the trial court in overruling same must be sustained.

[Nicholson v. Killpatrick.]

It is a general rule that when issue is taken on an immaterial or improper plea and the said plea is proven without dispute the pleader is entitled to the general charge; but plea 5 was not proved beyond dispute, as it avers, among other things, that the defendant had cause to believe that the plaintiff was in the act or was preparing to abscond, and this was a question for the jury.

The trial court, therefore, erred in giving the general charge for the defendant as to count 4. It may be true that the only assault and battery shown was in arresting the plaintiff, but if the arrest was unlawful it was an assault and battery, and, as the defendant did not prove what he made a material averment of his plea 5, he was not entitled to the general charge as to count 4, and which was improperly given.

With plea 5 in, the trial court did not err in permitting the introduction of the bond, indictment, etc., in justification, but for the purpose of another trial if the issues are made under the *Gray case, supra,* these papers should be admitted solely for the purpose of mitigating the damages.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

McCLELLAN, SAYRE, and DE GRAFFENRIED, JJ., concur.