75 So.2d 187 (1954)
Elmer Eugene REGISTER, Appellant,
v.
Philip BARTON, Appellee.
Supreme Court of Florida. Division B.
October 19, 1954.
John Paul Howard, Jacksonville, for appellant.
Scruggs & Carmichael, Gainesville, for appellee.
THOMAS, Justice.
The appellant filed a complaint against the appellee, Philip Barton, an attorney, Frank Sexton, individually, and as sheriff of Alachua County, and Capitol Indemnity Insurance Company, alleging that the appellees had willfully and maliciously and without probable cause or legal authority brought about his arrest, and his retention in jail for sixteen hours. Such mistreatment, so he charged, damaged his business, his reputation, his body and his mind.
The defendant, Philip Barton, answered the complaint and then moved to strike it as sham in point of fact. The court entered a judgment dismissing the complaint as to him with prejudice, and in this appeal we are concerned solely with his conduct in causing appellant to be taken in custody.
The attorney, acting as attorney in fact for the corporation which had become surety on state and federal criminal appearance bonds of the appellant, decided to surrender the appellant in order to relieve the surety of responsibility on the bonds, so he had a deputy sheriff arrest the appellant and place him in jail. After remaining in jail overnight, the appellant obtained a new bond on the state charge. Later the same attorney representing the same corporation caused the appellant's continued retention in jail until appellant procured a new bond on the charge in the federal court. The second imprisonment lasted approximately three hours.
Neither of these incarcerations was, in the opinion of the circuit judge, a basis for an action because the surety was "entitled to arrest the principal directly, or through *188 the deputy sheriff as its agent, and to detain him for a reasonable period of time," in order to escape liability on the bond.
As we understand the judge's order, he felt that compliance with the Florida statute, which we will presently quote, was "immaterial" because the surety, having the right to arrest the appellant and to delegate the right to another, could select a deputy sheriff as such agent and the latter could act in that capacity without observing the formality set out in the statute.
The statute provides that "For the purpose of surrendering the defendant, the surety may arrest him before the forfeiture of the undertaking, or, by written authority indorsed on a certified copy of the undertaking, may empower any peace officer to make arrest, first paying the lawful fees therefor." (Italics supplied.) Sec. 903.22, Florida Statutes 1953, and F.S.A. So it is clear that the surety could arrest, but in the present case the surety's attorney in fact attempted to delegate the right.
We do not know as a matter of fact whether there was compliance with the statute, although the answer of the sheriff, one of the original defendants, who is not a party to this appeal, contains the averment that the appellee furnished him a copy of the bond properly endorsed.
Inasmuch as the judge held, in effect, that the statute need not have been followed, we will confine our observations to that sole question.
Under the common law the surety could arrest and surrender the principal at any time before default, and he could cause the arrest and surrender to be made by his agent. Was the common-law right then abrogated by the provision that the power to arrest might be delegated to a peace officer in the way specified in the statute? The appellant largely relies upon a decision of the Supreme Court of Alabama, Gray v. Strickland, 163 Ala. 344, 50 So. 152, construing a similar statute and holding that the common-law right of the surety was not extended by the statute but was modified and that, therefore, the statute now controls.
The Alabama decision is not precisely in point because in the statute of that state it was expressly provided that arrest by the surety himself be made "on a certified copy of the undertaking" and that the surety "may authorize another person to arrest [the principal] by an indorsement in writing on such copy." Code 1907, § 6351. The difference between the two statutes is apparent. The first part of the Florida statute seems to be a reiteration of the common law and the last part relates only to arrest by peace officers. The Alabama statute refers to arrest by the surety on a certified copy of the bond, and by anyone else, without mentioning a peace officer, by endorsement of the surety authorizing the arrest by such other person.
One under bail is in the vicarious custody of his bondsman whose "dominion is a continuance of the original imprisonment," and the principal may be apprehended by his bondsman even under extreme circumstances. Taylor v. Taintor, 16 Wall. 366, 83 U.S. 366, 21 L.Ed. 287. Also the surety may delegate to another person the right to make the arrest. Taylor v. Taintor, supra; Cartee v. State, 162 Miss. 263, 272, 139 So. 618, 620.
From our study of the authorities we conclude that, although at a glance the first part of the Florida statute seems to be a reiteration of the common law and only the second part a modification, the statute when read as a whole is in derogation of the common law. If such an interpretation is not given then the second portion becomes meaningless. If it is held that a surety may appoint anyone, including a peace officer, to apprehend the principal and that in such case the second part of the statute may be ignored, then we might as well strike that portion.
We are unable to follow the appellee's reasoning to a conclusion preserving all the act, especially as a word of great significance is used, "empower". We conclude that the surety, under whose *189 dominion the principal remains while the obligation is in effect, may arrest without formality, but that when a peace officer is deputized to place the principal in custody he must have the power to interfere with the principal's freedom, and that this power can be transferred to him only in the manner prescribed.
In other words, we hold that compliance with the law must be established and that the judgment should be reversed and the cause remanded for the purpose of hearing testimony and considering evidence on this issue. If it appears that the statute was tracked, judgment may be entered for the appellee; if not, the cause should proceed to trial on the other issues.
Reversed.
ROBERTS, C.J., and HOBSON and DREW, JJ., concur.