BOWEN, Judge.
Neil Watkins was convicted of assault in the third degree in violation of a city ordinance. See Alabama Code 1975, § 13A-6-22. He was sentenced to ten days in the city jail and ordered to pay $180.50 in restitution. Watkins, a bail bondsman, claims that he cannot be guilty of assault because he was performing his duties legally and within the letter of the law. In a case of first impression in this state, we hold that under Alabama law, a surety or bail bondsman may only delegate his authority to arrest the principal by a written endorsement on a certified copy of the bail agreement.
Shelia Dimoff was arrested on charges of writing worthless checks. On July 21, 1987, she was released on three appearance bonds totaling $600. The surety on the bonds was Dale Rivers, doing business as City Bail Bonds of Mobile. On July 31, 1987, Mrs. Dimoff failed to appear in municipal court as ordered.
Neil Watkins, the appellant, testified that Rivers “told” him to “pick up” Mrs. Dimoff. At that time, Watkins was not employed by City Bail Bonds but was “subcontracting, picking up skips for several bonding companies.” Watkins and Edward Earl Stokely went to Mr. Dimoff s apartment. At the apartment, an altercation erupted between Watkins and Mrs. Dimoff’s common law husband, Randall C. Dimoff, who was physically injured in the affray. Dimoff testified that he was physically attacked by Watkins when he attempted to prevent Watkins from entering the bedroom in which his wife was changing clothes. Watkins maintained that he only acted in self-defense and that Mr. Dimoff attempted to physically prevent him from arresting Mrs. Dimoff.
Alabama Code 1975, § 15-13-62, provides:
“Bail may, at any time before a conditional judgment is entered against them, exonerate themselves by surrendering the defendant; and for that purpose, they may arrest the defendant on a certified copy of the undertaking at any place in the state, or may authorize another person to arrest him by an endorsement in writing on such copy." (Emphasis added.)
The first word in this statute, “bail,” refers to “[t]he surety or sureties who procure the release of a person under arrest, by becoming responsible for his appearance at the time and place designated.” Black’s Law Dictionary 128 (rev. 5th ed.1979).
Here, the bail or surety, Dale Rivers, never authorized Watkins or anyone else to arrest Mrs. Dimoff “by an endorsement in writing on [a certified] copy” of the bail agreement as required by § 15-13-62. While Rivers did sign the original appearance bonds, he did not endorse any certified copy.
The statute is clear and leaves no room for ambiguity. Section 15-13-62 “allows the bail to lawfully arrest that person for whom he stands as surety at any time before the forfeiture of the bond placed with the court by him, ..." Shine v. State, 44 Ala.App. 171, 179, 204 So.2d 817 (1967), provided he has “a certified copy of the undertaking.” § 15-13-62. The bail or surety may authorize another person to make the arrest “by an endorsement in writing on” the certified copy. § 15-13-62.
“To make any kind of arrest, valid authorization and authority is requisite.” Shine, 44 Ala.App. at 177, 204 So.2d 817.
“In the absence of statutory limitations, sureties on a bail bond may deputize others of suitable age and discretion to take the principal into custody. However, where a statute provides the manner in which the power of arrest may be delegated by the bail bondsman, that provision must be followed or the rearrest is invalid.” 8 Am.Jur.2d Bail and Recognizance § 120 at 670-71 (1980). (Footnotes omitted.)
The right of a surety on a bail bond to arrest the principal is prescribed by statute, which “must be construed as confining the right of arrest by the sureties in the manner therein required.” Gray v. Strick *577 land, 163 Ala. 344, 50 So. 152, 153 (1909). See also Register v. Barton, 75 So.2d 187, 189 (Fla.1954); Cooke v. Harper, 78 Ind. App. 267, 135 N.E. 349, 350 (1922).
“[T]he only authority [the bail of a defendant] has to arrest the defendant is under a certified copy of the bond as prescribed by section [15-13-62]_ [T]he right there given [is] exclusive, and not cumulative” to any right of arrest under the common law. Nicholson v. Killpatrick, 188 Ala. 258, 66 So. 8, 8 (1914).
“The endorsed bond in the hands of the bail’s agents is a substitute for a warrant ... [and] serves as their legal process.” Poteete v. Olive, 527 S.W.2d 84, 88 (Tenn. 1975); Livingston v. Browder, 51 Ala.App. 366, 369, 285 So.2d 923 (1973).
Here, the certified copy of the. bond was not endorsed by the surety. Therefore, Watkins, the agent of the surety, had no legal authority to arrest Mrs. Dimoff. His motion to dismiss on the grounds that he was performing his legal duty was properly denied.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.