This is an action pursuant to Ala. Code 1975, § 6-5-71 (the Dram Shop Act). The corporate defendant, The Booth, Inc., appeals from a judgment based on a jury verdict in favor of the plaintiff, Timothy K. Miles. We affirm.
Miles was injured in an automobile accident when the car he was driving collided with a car driven by defendant Wade Coker Gilmer on April 14, 1987. Gilmer testified that prior to the accident he had been to "The Booth," a bar located in Tuscaloosa, Alabama, and owned and operated by the corporate defendant.
Gilmer stated he was at the Booth for two hours and that during that time he consumed approximately six 12-ounce beers and two "shots" of Jaegermeister liqueur. Further, testimony revealed that a bartender at The Booth was drinking with Gilmer. Several witnesses testified that Gilmer appeared intoxicated while he was in The Booth. Within minutes after Gilmer left The Booth, the accident with Miles occurred. It was established that Gilmer's *Page 1207 
blood alcohol level after the accident was 0.32 percent.
Miles testified that he incurred approximately $1,800 in medical expenses. Miles further testified that his automobile was damaged; that he was not able to begin a job as planned. He also testified as to other items relating to his actual damages.
Miles sued Gilmer on May 27, 1987, and added as a defendant The Booth, Inc., by amendment, on February 24, 1988. Prior to trial, Miles entered into a pro tanto settlement with Gilmer in the amount of $15,000. The case was tried against the remaining defendant, The Booth, Inc., and the jury returned the following verdict:
 "We, the jury, find for the Plaintiff and against the Defendant as follows:
 "1. Compensatory damages $ 0 ----------
 "2. Punitive damages $65,000.00 ----------
 "It is our intention to assess total damages for the Plaintiff and against the Defendant at $50,000.00."
The Booth, Inc., argues that the verdict is inconsistent. Specifically, it asserts that the jury award of $65,000 punitive damages cannot stand when there was a finding by the jury of no compensatory damages.
From a reading of the charge given to the jury, we find that the charge was misleading, and that the jury's confusion was clearly shown by the amounts indicated on the verdict form. However, the law in Alabama regarding an award of punitive damages under the Dram Shop Act is not that there must be an award of compensatory or at least nominal damages, but only that there must exist actual or nominal damage or injury to support an award of punitive damages.
The jury executed a specific verdict form, as set out above. Miles argues that the jury made a technical mistake in not specifically awarding compensatory damages. We agree. There can be no mistake from the testimony that Miles was entitled to compensatory damages, and that he proved that there was actual damage and injury incurred by him. His automobile was totally destroyed, and he incurred medical expenses of approximately $1,800. Miles was further prevented from beginning a new job due to his injuries.
The trial court gave the following charge to the jury with respect to the pro tanto settlement:
 "The plaintiff, Mr. Miles, in consideration of the sum of $15,000, has released Mr. Wade Gilmer and has reserved his right to proceed against the present defendant, The Booth Restaurant. if you are reasonably satisfied from the evidence that the plaintiff, Mr. Miles, is entitled to recover in this case, then in arriving at the damages to be awarded to the plaintiff, Mr. Miles, you will determine from the evidence the total amount of damages suffered by Mr. Miles, compensatory, punitive, or both and then give credit for the amount of $15,000.00 which he has already been paid by Wade Gilmer and render a verdict for the plaintiff, Mr. Miles, for the balance which remains. In other words, the $15,000.00 is what is called in the law a threshold amount. The jury verdict would have to exceed $15,000.00 to return a verdict in favor of Mr. Miles and against The Booth Restaurant. You would take the amount of $15,000.00 and subtract it from however much amount you would find that Mr. Miles is entitled to receive and then only the balance would be awarded to Mr. Miles in that event."
(Emphasis added.)
It is unclear whether the jury considered the $15,000 that it was required to subtract to be the compensatory damages for the injuries suffered by Miles or to be punitive damages. Because the trial court instructed the jury that $15,000 was the "threshold amount," the jury could have inferred that if the compensatory damages alone did not exceed $15,000, then -0- should be placed in the space provided on the form for compensatory damages. The jury possibly concluded that Miles had already been compensated by the $15,000 he had received from the pro tanto settlement, and then awarded punitive damages accordingly. However, *Page 1208 
jury verdicts are due to be upheld unless clearly wrong, and because we cannot conclude that the jury's verdict of $15,000 was clearly wrong, we must defer to the jury in this case.
Additionally, the case against The Booth, Inc., was brought under Ala. Code (1975), § 6-5-71, which states:
 "Every wife, child, parent or other person who shall be injured in person, property or means of support by any intoxicated person or in consequence of the intoxication of any person shall have a right of action against any person who shall, by selling, giving or otherwise disposing of to another, contrary to the provisions of law, any liquors or beverages, cause the intoxication of such person for all damages actually sustained, as well as exemplary damages."
The specific words of the above statute, on which this case was brought, state that a plaintiff may collect "for all damages actually sustained," not all damages necessarily awarded by a jury. The issue here becomes: When the evidence will support an award of actual or even nominal damages, must there be an actual award from the jury for those actual or nominal damages before punitive damages may be awarded?
The evidence in this case shows detailed proof that would support an award of actual damages. In a Dram Shop action, when there is sufficient evidence of actual damage or injury to support an award of compensatory damages, we do not require a specific award of actual damages in order to support an award of punitive damages. See Harris v. American General Life Ins.Co. of Delaware, 202 Mont. 393, 658 P.2d 1089 (1983), and Annot., Sufficiency of Showing of Actual Damages to SupportAward of Punitive Damages, 40 A.L.R.4th 11 (1985).
AFFIRMED.
ALMON, SHORES, ADAMS and HOUSTON, JJ., concur.
MADDOX, J., concurs in the result.
JONES, STEAGALL and KENNEDY, JJ., dissent.