O.K. Bonding Company ("O.K.") and R.C. McCain ("the appellants") appeal from judgments rendered against them and another defendant in an action alleging assault and trespass brought by Debbie Milton and eight other plaintiffs.[1] The jury returned separate verdicts for each plaintiff, awarding compensatory and punitive damages. The trial court entered a separate judgment on each verdict.
At approximately 9:00 p.m. on February 16, 1984, four individuals hired by O.K. went to the homes of Debbie and William Milton and Brenda and Christy Hyde for the purpose of arresting a defendant for whom O.K. had undertaken to provide bail. The individuals hired by O.K. were armed with shotguns or pistols. At least one of them, James Coleman, entered both houses without permission, while armed with a shotgun. The person who was the object of O.K.'s search was not in either of the houses. However, there were a number of minor children and women in both houses. It does not appear that any of the residents knew why a man brandishing a shotgun had burst into their homes.
Milton and the other residents of the two houses filed a complaint against O.K., McCain, and the agents of O.K. who entered the plaintiffs' property, alleging trespass and assault. O.K. and McCain filed a third-party complaint against another bonding company, A-O.K. Bonding, and its owner, alleging that the individuals who entered the plaintiffs' property were acting as agents for A-O.K. Bonding. At the conclusion of the trial, the jury returned verdicts in favor of the various plaintiffs and against O.K. and its agents, assessing damages totalling $225,000. The jury also returned a verdict against O.K. and McCain on their claim against A-O.K. Bonding and its owner. O.K. and McCain appeal, raising a number of issues.
At the outset, we note that the legislature has passed laws that allow sureties such as O.K., and their agents, to arrest defendants who "jump bail." By extending this power to sureties, the legislature did not intend to "deputize" sureties or to otherwise clothe them in the authority given to police officers. Rather, the laws were passed to allow sureties to protect private rights established by the bail contract between the accused and the surety. Livingston v. Browder, 51 Ala. App. 366, 285 So.2d 923 (1973). However, because those laws confer a power normally held only by agents of the state, the individuals attempting to use that power must be sure to follow the procedure, and abide by the restrictions set out by the legislature and the courts of this State. Failure to do so can render the arrest or attempted arrest unlawful. Nicholson v.Killpatrick, 188 Ala. 258, 66 So. 8 (1914); Watkins v. City ofMobile, 549 So.2d 575 (Ala.Cr.App. 1989); Ala. Code 1975, §§15-13-62 and -63.
The first requirement for a lawful arrest by a surety is the possession, by the surety, of a certified copy of the bond at the time the arrest is made. Gray v. Strickland, 163 Ala. 344,50 So. 152 (1909); Livingston, supra. That bond serves as the surety's legal process, Livingston, supra; § 15-13-62, and the surety must be sure to give the accused notice of the authority under which he is being arrested. Shine v. State, 44 Ala. App. 171, 204 So.2d 817 (1967). If the surety wants to authorize another person to make the arrest, as in this case, he must delegate his authority to arrest by means of a written endorsement on the certified copy of the bond. Watkins, supra;
§ 15-13-62.[2] Although it appears that one of the agents of O.K. who entered the plaintiffs' property had a copy of the bond, it was not endorsed by the surety as required by law. Therefore, the agents were not authorized to make an *Page 604 
arrest, and their presence on the Milton and Hyde properties was not privileged or protected.
The appellants' first argument is that the trial court erred by refusing to direct a verdict for McCain on each of the plaintiffs' claims. They contend that the plaintiffs failed to present sufficient evidence showing that McCain was individually liable for the acts of the agents. We do not agree. Two witnesses testified that those agents acted on McCain's instructions and that McCain was aware of the methods they planned to employ in their attempt to apprehend the person for whom O.K. had undertaken to provide bail. That evidence justified submitting the plaintiffs' claims against McCain to the jury.
Second, the appellants argue, in a general manner, that the amount of punitive damages awarded by the jury was excessive and should have been reduced by the trial court. We do not agree. The security of an individual in his home is one of the foremost concerns of the law. Unlawful, armed intrusions into homes occupied by women and children are indefensible, and it is well within the province of juries to determine that the parties responsible for such egregious breaches of the peace deserve to be rigorously punished. After reviewing the record, we find that the awards of damages, except for the punitive damages awarded to one of the plaintiffs, were amply supported by the evidence and are due to be affirmed.
However, the jury's verdict on Justin Earl Hyde's trespass claim cannot be upheld. The jury assessed punitive damages of $15,000 for Justin, but awarded him "$0" in nominal or compensatory damages. The appellants filed a post-trial motion challenging the award of punitive damages to Justin. It is settled that punitive damages cannot be awarded unless the jury also awards nominal or compensatory damages. Therefore, the portion of the judgment awarding punitive damages to Justin,as entered against O.K. and McCain, must be reversed.[3] Mid-StateHomes, Inc. v. Johnson, 294 Ala. 59, 311 So.2d 312 (1975).
The appellants' third argument is that the trial court erred by refusing to instruct the jury on the authority that is conferred on an individual in possession of a certified copy of a bond that contains a written endorsement by the surety delegating his authority to arrest. Although one of O.K.'s agents in the instant case had a certified copy of the bond, it had not been endorsed by the surety. As a result, the agents were without authority to arrest, see Watkins, supra, and §15-13-62. Therefore, the requested instruction was not applicable, and the trial court did not err in refusing to read it to the jury.
The appellants make arguments relating to their third-party claim against A-O.K. and its owner, Roy McMahan. Those arguments pertain only to the trial court's initial failure to enter a judgment on the verdict in favor of A-O.K. and McMahan. The jury did not sign the verdict form that would have awarded damages on the third-party claim. Rather, the foreman stated in open court:
 "Now, Your Honor, on verdict form # 10 we, the Jury, do not find in favor of Defendants O.K. Bonding Company and R.C. McCain on their cross-claim against A-O.K. Bonding Company and Roy McMahan."
The court entered specific judgments on the separate verdicts for the plaintiffs, but did not enter a judgment on the third-party claim. After the notice of appeal was filed, this Court remanded the cause for entry of a final judgment. The trial court on remand effectively entered a judgment on the verdict in favor of A-O.K. and McMahan.[4] Because the appellants' arguments are *Page 605 
based on a mistaken interpretation of the procedural posture regarding the third-party claims, we will not set them forth or address them in detail. We hold simply that those arguments have no merit and present no ground for reversal.
For the reasons set out above, this Court concludes that the judgment against O.K. and McCain, except for that portion awarding punitive damages to Justin Earl Hyde, is due to be affirmed. Because the jury's award of punitive damages to Justin was not supported by the award of any nominal or compensatory damages, that portion of the judgment against O.K. and McCain is reversed, and the cause is remanded for entry of a judgment for O.K. and McCain on Justin's claim.
88-1426 — AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
1900628 — DISMISSED.
HORNSBY, C.J., and ADAMS, STEAGALL and INGRAM, JJ., concur.
[1] The other defendant against whom the jury returned a verdict, James Coleman, did not appeal.
[2] Although Watkins was decided after the jury returned its verdicts in this case, the holding in Watkins was based on the plain language of § 15-13-62, which says that a surety "may arrest the defendant on a certified copy of the undertaking at any place in the state, or may authorize another person to arrest him by an endorsement in writing on such copy."
[3] The other defendant against whom punitive damages were assessed is not a party to this appeal. Therefore, the judgment will not be disturbed as it concerns him.
[4] The appellants filed a new notice of appeal, which was docketed and submitted as case number 1900628. The new notice of appeal was inappropriate, see Foster v. Greer Sons, Inc.,446 So.2d 605 (Ala. 1984), overruled on other grounds, Ex parteAndrews, 520 So.2d 507 (Ala. 1987), so that appeal is due to be dismissed.