I do not agree that First Bank of Boaz v. Fielder,590 So.2d 893 (Ala. 991), and O.K. Bonding Co. v. Milton, 579 So.2d 602
(Ala. 991), can be reconciled. I think the correct rule is that a verdict that awards zero compensatory damages and yet awards punitive damages is inconsistent as a matter of law and that no proper judgment can be entered thereon. Thus, I think thatFirst Bank of Boaz is incorrect and should be overruled, and that the judgment in this case should be reversed.
In this case the Court makes the following reference toO.K. Bonding: "as to that plaintiff, the award was not 'amplysupported by the evidence.' Id. at 604 (emphasis added)."Supra, at 1195. In doing so, the Court erroneously cites to the resolution of one issue to describe the resolution of another issue. The full context of this quotation is as follows:
 "Second, the appellants argue, in a general manner, that the amount of punitive damages awarded by the jury was excessive and should have been reduced by the trial court. We do not agree. The security of an individual in his home is one of the foremost concerns of the law. Unlawful, armed intrusions into homes occupied by women and children are indefensible, and it is well within the province of juries to determine that the *Page 1197 
parties responsible for such egregious breaches of the peace deserve to be rigorously punished. After reviewing the record, we find that the awards of damages, except for the punitive damages awarded to one of the plaintiffs, were amply supported by the evidence and are due to be affirmed.
 "However, the jury's verdict on Justin Earl Hyde's trespass claim cannot be upheld. The jury assessed punitive damages of $15,000 for Justin, but awarded him '$0' in nominal or compensatory damages. The appellants filed a post-trial motion challenging the award of punitive damages to Justin. It is settled that punitive damages cannot be awarded unless the jury also awards nominal or compensatory damages. Therefore, the portion of the judgment awarding punitive damages to Justin . . . must be reversed. Mid-State Homes, Inc. v. Johnson, 294 Ala. 59, 311 So.2d 312 (1975)."
579 So.2d at 604 (emphasis added).
Although the phrase emphasized in the first paragraph of this quotation from O.K. Bonding may appear to say that the punitive damages award to Justin Earl Hyde was not supported by the evidence, it clearly does not say that when read in context. The only basis given in the second paragraph for reversing the award to Justin is the fact that the jury awarded $0 compensatory damages to him. Nothing in the opinion suggests that the facts supported punitive damages for Justin any less than they did for the other plaintiffs. Thus, O.K. Bonding
squarely held that an award of punitive damages cannot be sustained without an award of compensatory damages, and the majority's attempted distinction between O.K. Bonding and FirstBank of Boaz is unsound.
For the reasons why I think that the rule stated in O.K.Bonding is correct and that First Bank of Boaz should be overruled, see my dissent in Shoals Ford, Inc. v. McKinney,605 So.2d 1197 (Ala. 992).
This case is not an egregious case of juror error, because of the clear evidence of injury and because of the confusion engendered by the worker's compensation settlement. However, the verdict was at least inconsistent in form and should not have been accepted. Although the transcript shows that the trial court orally read the verdict as it is quoted in the majority opinion, the verdict as written in the case action summary sheet reads:
 "We, the jury, find the issues in favor of the Plaintiff and against the Defendant and assess the Plaintiff's damages as follows: Past Damages -0-; Future Damages -0-; Punitive Damages $250,000.00. It is our intention to assess total damages to the Plaintiff at $250,000."
This inconsistency was a ground of Caterpillar's motion for a new trial. Therefore, I would overrule First Bank of Boaz v.Fielder, 590 So.2d 893 (Ala. 991), reverse the judgment, and remand the cause for a new trial.
MADDOX, J., concurs.